FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

-------------------------------------------------------X
DAN-DEE INTERNATIONAL, LTD.,         :
                                      :   Case No. 8:02-CV-66-T-27TBM
              Plaintiff,              :
                                      :
        v.                            :
                                      :
DOLLAR GENERAL CORPORATION            :
DOLGENCORP, INC., KELLYTOY            :
(USA) INC.                            :
                                      :
              Defendants.             :
-------------------------------------------------------X

COMPLAINT

Plaintiff, DAN-DEE INTERNATIONAL, LTD. sues Defendants DOLLAR STORES and Kellytoy U.S.A. INC. and states:

1. Plaintiff Dan-Dee International, Ltd. ("Dan-Dee" or "Plaintiff") is a business entity organized under the laws of Delaware, having a principal place of business at 106 Harbor Drive, Jersey City, New Jersey 07305.

2. Upon information and belief, Defendant Dollar General Corporation ("Dollar General") is a corporation organized and existing under the laws of the State of Tennessee having a principal place of business and office at 100 Mission Ridge, Goodlettsville, TN 37072. Its subsidiary, a distributor, Dolgencorp., Inc. is a Kentucky corporation with a principal place of business and office also at 100 Mission Ridge, Goodlettsville, TN 37072. Dollar General Corporation and Dolgencorp, Inc. are jointly referred to herein as "Dollar."

184126.2

3. Dollar is transacting and doing business within this Judicial District and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

4. Upon information and belief, Defendant Kellytoy (U.S.A.) Inc. ("Kellytoy") is a corporation organized and existing under the laws of the State of California having a principal place of business and office at 4811 South Alameda Street, Los Angeles, CA 90058.

5. Kellytoy is transacting and doing business within this Judicial District and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure. Dollar and Kellytoy are jointly referred to herein as "Defendants."

6. This is a suit sounding in copyright infringement and unfair competition for a preliminary and permanent injunction and accounting and damages for the Defendants' infringement of the copyrights of Dan-Dee and for otherwise infringing the rights of Dan-Dee.

<u>Jurisdiction and Venue</u>

7. This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper pursuant to 28 U.S.C. 1391 and 1400(a).

## COUNT I

### Copyright Infringement

9. This claim arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*

10. Dan-Dee repeats and realleges the allegations of paragraphs 1-8 of this Complaint as if fully set forth herein.

11. Dan-Dee designs, manufactures and markets a variety of high quality children's toys and playthings, including but not limited to plush toys, which generally consist of original and distinctive designs.

12. Among the many plush toys manufactured and sold by Dan-Dee are a collection of distinctive, original plush toy "key-chain" bears ("Key-Chain Bears"). Exhibit 1 is a photograph of some of the Key-Chain Bears. The Key-Chain Bears were designed by employees of Dan-Dee in the scope of their employment as works for hire.

13. Dan-Dee is the owner of all right, title, interest and to the Key-Chain Bears which are the subject of Copyright Registration No. VA-1-094-334 issued to Dan-Dee by the United States Copyright Office as of September 5, 2001, and has complied in all respects with the applicable provisions of the United States Copyright Law, 17 U.S.C. §§ 101 *et. seq.* A copy of Copyright Registration No. VA-1-094-334 is annexed as Exhibit 2.

14. Dan-Dee has manufactured and sold the Key-Chain Bears since at least as early as April 30, 1999. Since that time, substantial quantities of Key-Chain Bears have been sold and each Key-Chain Bears has been marked by a copyright notice.

15. On November 27, 2001, representatives of Dan-Dee saw substantially identical copies of the Key-Chain Bears ("the Infringing Bears") at a Dollar General store at 6485 102 Avenue, Pinellas Park, Florida. The Infringing Bears bear a tag identifying Dolgencorp., Inc. as the distributor and identifying Kuddle Me Toys as the manufacturer, maker or purported creator of the Infringing Bears. Exhibit 3 is a photograph of Infringing Bears purchased at Dollar General store in Pinellas Park, Florida.

16. Upon information and belief Kuddle Me Toys is a division of Kellytoy (USA) Inc.

17. Defendants have imported, manufactured, caused to be manufactured, distributed, advertised, promoted, offered for sale and sold the Infringing Bars not only in their Pinellas Park store but, upon information and belief, in stores throughout the United States.

18. Dan-Dee is specifically aware, by way of example only, that the Infringing Bears have been sold in Dollar General Stores in Arkansas.

19. Defendants' manufacture, distribution and sales of the Infringing Bears is in competition with Dan-Dee and its customers and the acts alleged herein have been without the permission, license or consent of Dan-Dee.

20. Defendants' acts as alleged herein constitute violations of the exclusive rights of Dan-Dee under 17 U.S.C. §§ 106, 113 and 602 and constitute infringement under 17 U.S.C. § 501.

21. As alleged in paragraph 14 <u>supra</u>, the Key-Chain Bears shown in Exhibit 3 have been marked with a copyright notice since at least April 30, 1999. Therefore,

Defendants have wilfully and knowingly infringed the Key-Chain Bears with full knowledge of Dan-Dee's rights in the Key-Chain Bears.

22. Upon information and belief, Defendants continue to infringe Dan-Dee's copyrights in the Key-Chain Bears and plans to continue to infringe those copyrights.

23. By reason of Defendants' acts of copyright infringement of the Key-Chain Bears, Dan-Dee has suffered and will continue to suffer substantial and irreparable damage to its business in the form of diversion of trade, loss of profits and a dilution of the value of its rights in the Key-Chain Bears.

24. Unless restrained and enjoined by this Court, Defendants' continuing acts of copyright infringement will cause Dan-Dee irreparable damage and injury for which there is no remedy at law.

25. In addition to injunctive relief, Dan-Dee is entitled to actual damages incurred as a result of Defendants' infringement and any profits of Defendants attributable to the infringement together with costs, such damages and profits to be determined at trial but in an amount no less than $150,000.

## COUNT II

### Florida Common Law Unfair Competition

26. This is a claim under Florida common law for unfair competition and is joined with a substantial and related claim under copyright law.

27. Dan-Dee repeats and realleges the allegations of paragraphs 1-25 of this Complaint as if fully set-forth herein.

28. Time, labor and money was expended by Dan-Dee in the creation and manufacturer of the Key-Chain Bears.

29. Some or all of the Defendants compete with Dan-Dee in the relevant marketplace.

30. Defendants' pattern of conduct complained of herein has caused irreparable harm and commercial damage to Dan-Dee and has caused Dan-Dee to suffer monetary damages in an amount thus far not determined, but believed to be in excess of $150,000.00.

31. Moreover, Defendants' pattern of conduct in misappropriating Dan-Dee's goodwill was aimed at wrongfully enriching Defendants, and deliberately and wilfully injuring Dan-Dee in wanton disregard of Dan-Dee's rights and Defendants' civil obligations. Dan-Dee is therefore entitled to an award of exemplary damages in an amount of no less than $450,000.00.

32. Unless restrained and enjoined by this Court, Defendants' continuing acts of unfair competition will cause Dan-Dee irreparable harm and damage to Dan-Dee for which there is no adequate remedy at law.

THEREFORE, Dan-Dee requests judgment against the Defendants as follows:

A. Defendants and their officers, agents, servants, employees and attorneys and all those in active concert and participation with them, be preliminarily and permanently enjoined from:

(i) causing to be manufactured, importing, reproducing, displaying, publishing, vending, distributing, selling, promoting, importing, and/or advertising,

assisting, inducing, or contributing to the manufacturing, reproducing, displaying, publishing, vending, distributing, selling, promoting, and/or advertising any product that contains substantial material copied from and substantially similar to the Key-Chain Bears including, without limitation, the Infringing Bears except to the extent that any such act shall be expressly authorized by Dan-Dee.

   (ii)  infringing the copyright in the Key-Chain Bears;

   (iii)  otherwise competing unfairly with Dan-Dee.

  B.  During the pendency of this lawsuit Defendants be required to deliver to Dan-Dee for storage or destruction all infringing copies of the Infringing Bears.

  C.  Defendants be required to pay to Dan-Dee such actual damages as Dan-Dee sustained in consequence of the infringements by Defendants of Dan-Dee's copyrights in the Key-Chain Bears and to account for all gains, profits and advantages.

  D.  Defendants be required to account to Dan-Dee for all of their profits and damages resulting from their unlawful acts of common law unfair competition including exemplary damages in the amount of $450,000.00.

  E.  Dan-Dee have such other and further relief as the Court may deem just and proper.

DATED this 14th day of January, 2002

                                               Bradley T. Guidalian, Esq.
                                               Florida Bar No. 0161608
                                               PHELPS DUNBAR, L.L.P.
                                               100 North Tampa Street, Suite 3600
                                               Tampa, Florida 33602
                                               (813) 472-7576
                                               Attorneys for Plaintiff

Of counsel:

Neil M. Zipkin, Esq.
Trebor Lloyd, Esq.
AMSTER, ROTHSTEIN & EBENSTEIN
90 Park Avenue
New York, New York 10016
(212) 697-5995

184126.2                    -8-



# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**OFFICIAL SEAL**

FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER



VA 1-094-334

EFFECTIVE DATE OF REGISTRATION

9 / 5 / 01
Month / Day / Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
BEAR

**NATURE OF THIS WORK ▼** See instructions
SOFT SCULPTURE

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼** **Number ▼** **Issue Date ▼** **On Pages ▼**

## 2

**NAME OF AUTHOR ▼**
a  Dan-Dee International, Ltd.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶ United States

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☒ 3-Dimensional sculpture    ☐ Map                ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph         ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**
b

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map                ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph         ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

## 3

a **Year in Which Creation of This Work Was Completed**
1999 ◀ Year   This information must be given in all cases.

b **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ April   Day ▶ 30   Year ▶ 1999
Hong Kong ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Dan-Dee International, Ltd.
106 Harbor Drive
Jersey City, NJ 07305

APPLICATION RECEIVED
SEP 05 2001
ONE DEPOSIT RECEIVED
SEP 05 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.
• Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY ✓ *[signature]*

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation
**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

See instructions
before completing
this space

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
**Name** ▼                                        **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Neil M. Zipkin, Esq.
**AMSTER ROTHSTEIN & EBENSTEIN**
90 Park Avenue, New York, New York 10016

Area code and daytime telephone number ▶ ( 212 ) 697-5995 ext. 555          Fax number ▶ ( 212 ) 286-0854
Email ▶ NZIPKIN@ARELAW.COM

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
                                    check only one ▶ ☐ author
                                                     ☐ other copyright claimant
                                                     ☐ owner of exclusive right(s)
                                                     ☒ authorized agent of **Dan-Dee International, Ltd.**
                                                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Neil M. Zipkin, Esq.                                                      Date ▶ September 4, 2001

Handwritten signature (X) ▼

X *[signature]*

Certificate      **Name** ▼
will be          Neil M. Zipkin, Esq.
mailed in        AMSTER ROTHSTEIN & EBENSTEIN
window           **Number/Street/Apt** ▼
envelope         90 Park Avenue
to this          **City/State/ZIP** ▼
address:         New York, NY 10016

**9**

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money    As of July 1, 1999,
order payable to *Register of Copyrights*        the filing fee for
3. Deposit material                              Form VA is $30
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E
Washington, D C 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000        ♻ PRINTED ON RECYCLED PAPER        ☆U S GOVERNMENT PRINTING OFFICE 1999 454 879/71



